**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**UNITED STATES OF AMERICA,**

       - against -                  **S1 04 Cr. 363 (JGK)**

**JAMES YEZID VALENCIA RUGELES,**         **MEMORANDUM OPINION**
**MARIO VALENCIA MUNEVAR,**               **AND ORDER**
**JAMES VELENCIA MUNEVAR, and**
**RAULIN PAREDES-ACEVEDO,**

                 **Defendants.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    On May 25, 2004, the Grand Jury returned a two-count superseding indictment (the "indictment") against the defendants. Count One of the indictment charges the defendants with conspiring in violation of 21 U.S.C. § 963 to manufacture and distribute five kilograms and more of cocaine intending and knowing that it would be unlawfully imported into the United States and into waters within a distance of twelve miles of the coast of the United States in violation of 21 U.S.C. §§ 959, 960(a)(3), and 960(b)(1)(B). Count Two charges the defendants with conspiring in violation of 21 U.S.C. § 846 to distribute and possess with intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).

    The defendant Raulin Paredes-Acevedo has moved to dismiss the Indictment for lack of subject matter jurisdiction and for

1

improper venue.  The defendant initially raised an additional argument with respect to personal jurisdiction because of his extradition from Curaçao to the United States, but he has withdrawn that argument without prejudice to his ability to raise the issue at a later time.  The defendant also initially requested an audibility hearing with respect to one recorded conversation, but he has agreed to defer the request.  The defendant may request an audibility request at an appropriate time closer to trial.

At the motion to dismiss stage, the allegations in the indictment must be taken as true.  United States v. Goldberg, 756 F.2d 949, 950 (2d Cir. 1985); United States v. Genovese, 409 F. Supp. 2d 253, 255 (S.D.N.Y. 2005).

I.

The defendant argues first that this Court lacks subject matter jurisdiction over the case because he was neither a citizen nor resident of the United States and was a citizen of Curaçao, a part of the Netherlands Antilles, when the alleged conduct occurred.  He asserts that, even assuming he had committed the acts alleged in the indictment, he had no connection to the United States and only committed acts in Curaçao.  He therefore contends that he could not have violated any laws of the United States because those laws cannot extend

2

extraterritorially to cover a defendant in his position. This argument has no merit.

The Court of Appeals for the Second Circuit has expressly acknowledged that both of the statutes under which the conspiracy charges are alleged, 21 U.S.C. §§ 846 and 963, can be applied extraterritorially. United States v. Cohen, 427 F.3d 164, 169 (2d Cir. 2005) ("[W]e reject defendant's implied argument that 21 U.S.C. §§ 846 and 963 may not be applied extraterritorially."); see also id. at 168-69 (collecting cases from other courts of appeals). Furthermore, 21 U.S.C. § 959, the statute whose violation constituted the alleged object of the § 963 conspiracy, provides that "[t]his section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States." 21 U.S.C. § 959(c)  This explicit statement of intent to reach extraterritorial acts further supports the Court's jurisdiction over the charged conspiracy whose object was to violate § 959. See United States v. Yousef, 327 F.3d 56, 86 (2d Cir. 2003) ("Although there is a presumption that Congress does not intend a statute to apply to conduct outside the territorial jurisdiction of the United States, that presumption can be overcome when Congress clearly expresses its intent to do so." (citations omitted)). Because Count One of the indictment alleges intent and knowledge that cocaine would be imported into

the United States in violation of § 959 (Indict. ¶ 2), and because Count Two alleges that overt acts in furtherance of the conspiracy were committed in the Southern District of New York and elsewhere (id. ¶ 14), it is plain that the conduct alleged was intended to have an effect in the United States and is therefore of the type the Congress intended to reach through its narcotics laws.  See United States v. Manuel, 371 F. Supp. 2d 404, 409 (S.D.N.Y. 2005) ("The Supreme Court has specifically upheld the exercise of jurisdiction over conspirators who have never entered the United States, where the conspiracy 'was directed to violation of the United States law within the United States.'"  (quoting Ford v. United States, 273 U.S. 593, 620 (1927))).

For these reasons, the motion to dismiss for lack of jurisdiction is **denied**.

**II.**

The defendant argues that venue in this district is improper because the trial must be held where the unlawful conduct occurred and because all of his alleged acts occurred outside the United States.  This argument overlooks a well-established feature of the federal law of conspiracy.  "[V]enue may properly be laid in the district in which the conspiratorial agreement was formed or in any district in which an overt act in

4

furtherance of the conspiracy was committed by any of the coconspirators." United States v. Ramirez-Amaya, 812 F.2d 813, 816 (2d Cir. 1987); accord United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994). Count Two alleges generally that overt acts in furtherance of the conspiracy were committed "in the Southern District of New York and elsewhere." (Indict. ¶ 14.) The indictment goes on to allege that members of a narcotics trafficking organization headed by one of the named defendants distributed cocaine in the New York City area. (Id. ¶ 14(w); see also id. ¶ 3.) At the motion to dismiss stage, these allegations suffice to allege venue in the Southern District of New York. See United States v. Bellomo, 263 F. Supp. 2d 561, 579 (E.D.N.Y. 2003); United States v. Szur, 97 Cr. 108, 1998 WL 132942, at *9 (S.D.N.Y. Mar. 20, 1998); United States v. Facciolo, 753 F. Supp. 449, 451 (S.D.N.Y. 1990), aff'd sub nom., United States v. Skowronski, 968 F.2d 242 (2d Cir. 1992).

Count One does not make the general allegation that overt acts occurred in this district, although it does allege a conspiracy to manufacture and distribute cocaine for eventual shipment "to Puerto Rico and the continental United States." (Indict. ¶ 8; see also id. ¶ 2.) Despite the lack of a specific reference to conduct in this district, there is a statutory basis for venue in this district for Count One under 18 U.S.C. § 3238 because the Government represents that the defendant was

5

extradited from Curaçao into the United States and first entered the United States within the Southern District of New York.  18 U.S.C. § 3238 ("The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought . . . ."); see also United States v. Herbert, 03 Cr. 211, 2005 WL 106909, at *1 (S.D.N.Y. Jan. 19, 2005) (finding that venue was proper for a defendant charged with § 963 conspiracy to violate § 959, where the defendant was first brought into the Southern District of New York); United States v. Bin Laden, 146 F. Supp. 2d 373, 381 (S.D.N.Y. 2001) ("[S]ection 3238 is an appropriate basis for venue so long as the international conspiracy offense in question began outside the United States, irrespective of the fact that a few of the alleged overt acts of the conspiracy were later committed inside the United States.").

For these reasons, the motion to dismiss for improper venue is **denied**.  Because the Government retains the burden of establishing venue by a preponderance of the evidence at trial, the dismissal is **without prejudice to renewal** under Federal Rule of Criminal Procedure 29.

## CONCLUSION

The Court has fully considered each of the defendant's arguments and, to the extent not discussed above, the Court finds them to be without merit. For the foregoing reasons, the motion to dismiss for lack of jurisdiction is **denied** and the motion to dismiss for improper venue is **denied without prejudice to renewal** after the close of the Government's case.

SO ORDERED.

Dated:   New York, New York
         May _5_, 2007

_____
John G. Koeltl
United States District Judge